Plaintiff's Name MICHAEL LENOIR SMITH
Inmate No. P-64049 A1-228
Address P.O. BOX 8501
COALINGA, CA. 93210

COURT'S ORIGINAL

FILED
NOV 13 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL LENOIR SMITH
(Name of Plaintiff)

1:07 CV 01632 AWI GSA PC
(Case Number)

vs.

COMPLAINT "EX-PARTE"

Civil Rights Act, 42 U.S.C. § 1983

DEMAND TRIAL BY JURY

SGT. DAVIS, C.O. LINDQUIST,
C.O. ELIZALDE, CO. DILL,
C.O. FRANCO; C.O. VALENCIA;
LT. J.L. SCOTT; GOV. SCHWARZENEGGER,
JAMES TILTON, SCOTT KERNAN, WARDEN YATES; A.W. M.C. DAVIS; COOK SUPERVISOR FRANCO;
(Names of all Defendants) SUPERVISOR "GUS"; SECRETARY NESBITT - ~~[illegible]~~ COOK SUPERVISOR "CAS" AND 12-20 DOES. C/O'S HERNANDEZ. SGT. DUTY SGT. MCBRIDE C/O SOARES

C/O = CORRECTIONAL OFFICERS.

I. **Previous Lawsuits (list all other previous or pending lawsuits on back of this form):**

A. Have you brought any other lawsuits while a prisoner? Yes ✓ No ___

B. If your answer to A is yes, how many? 9
Describe previous or pending lawsuits in the space below.
(If more than one, use back of paper to continue outlining all lawsuits.)

1. Parties to this previous lawsuit:

Plaintiff MICHAEL LENOIR SMITH

Defendants LOU BLANAS

2. Court (if Federal Court, give name of District; if State Court, give name of County)
SEE ATTACHED CONT'- PAGE

3. Docket Number UNKNOWN 4. Assigned Judge UNKNOWN

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
DISMISSED VOLUNTARILY

6. Filing date (approx.) 10/2001 7. Disposition date (approx.) 8/2003

II. Exhaustion of Administrative Remedies

A. Is there an inmate appeal or administrative remedy process available at your institution?

Yes ✓ No ✓

B. Have you filed an appeal or grievance concerning ALL of the facts contained in this complaint?

Yes___ No ✓

If your answer is no, explain why not PLAINTIFF'S LIFE WAS THREATENED BY SEARGENT DAVIS THAT HE (DAVIS) WOULD KILL PLAINTIFF IF HE TOLD ANYBODY THAT HE BEAT PLAINTIFF UP. THE APPEAL PROCEDURE WOULD GIVE THE ASSAILANT DAVIS PRE-NOTICE

C. Is the process completed?

Yes___ If your answer is yes, briefly explain what happened at each level.

No___ If your answer is no, explain why not.

SEE "B" ABOVE

NOTICE: Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process before filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you must exhaust the process before filing suit. Booth, 532 U.S. at 734.

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant SGT. DAVIS is employed as SEARGENT at PLEASANT VALLEY STATE PRISON (PVSP)

B. Additional defendants CORRECTIONAL OFFICERS LINDQUIST, ELIZALDE, DILL, FRANCO, LT. SCOTT, SGT HUCKABAY; SGT GREEN, CUSTODY STAFF PVSP; COOK STAFF FRANCO, "GUS", NESBITT, "CAS"; GOVERNOR SCHWARZENEGGER, SECRETARY CDC&R - JAMES TILTON; DIR. SCOTT KERNAN; WARDEN JAMES YATES, A.W. M.C. DAVIS.; SGT'S DUTY AND McBRIDE; C/O'S HERNANDEZ AND SOARES

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

ON OCTOBER 17, 2007, PLAINTIFF WAS AT HIS ASSIGNED JOB AS A COOK IN THE MAIN KITCHEN. ~~[illegible]~~ CORRECTIONAL OFFICER ELIZALDE (C/O) ORDERED PLAINTIFF TO REMOVE HIS SUNGLASSES. PLAINTIFF COMPLIED. APPROXIMATELY (30) MINUTES LATER C/O ELIZALE, ACCOMPANIED BY C/O LINDQUIST APPROACHED PLAINTIFF AND SAID "SMITH, LET ME SEE THOSE SUNGLASSES". PLAINTIFF DISCONTINUED WORK, WENT TO HIS JACKET STORED IN A MILKCRATE AND AFTER RETRIEVING THE SUNGLASSES HANDED THEM TO C/O ELIZALDE. ELIZALDE LOOKED AT THE SUNGLASSES AND COMMENTED TO C/O LINDQUIST "DOLCE GABANNA". TURNED TO PLAINTIFF AND STATED "SMITH, WHERE DID YOU GET THESE GLASSES FROM?" PLAINTIFF STATED THAT HE BROUGHT THEM FROM HIGH DESERT STATE PRISON WITH HIM AND HAD THEM SINCE 2004, OBTAINING THEM THROUGH A PERSONAL PACKAGE. ELIZALDE STATED "THEN THEY SHOULD BE ON YOUR PROPERTY CARD?" PLAINTIFF STATED THAT THEY WERE. ELIZALDE REPLIED THAT IF THE SUNGLASSES WERE ON

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

RETURN OF SUN GLASSES DOLCE GABANNAS. TERMINATION OF DAVIS, ELIZALDE & LINDQUIST, DILL, C/O FRANCO AND LT. J.L SCOTT. FROM EMPLOY WITH THE CDC & R. TRANSFER OF PLAINTIFF TO MULE CREEK STATE PRISON. COMPENSATORY DAMAGES IN THE AMOUNT OF $100,000.00, PUNITIVE DAMAGES IN THE AMOUNT OF $250,000.00. REPLACEMENT OF 14 KT GOLD STAR OF DAVID. DELAY OF ELECTRONIC FILING UNTIL AFTER U.S. MARSHAL SERVICE UPON DEFENDANTS. NO RETURN ENDORSED COPY UNTIL AFTER U.S.M. SERVICE. COMPENSATION FOR STAR OF DAVID RELIGIOUS MEDALLION - PAYMENT OF ALL COURT COSTS.

I declare under penalty of perjury that the foregoing is true and correct.

Date OCTOBER 21 2007 Signature of Plaintiff [signature]

(revised 9/17/03)

PLAINTIFF'S PROPERTY CARD THAT HE WOULD RETURN THE SUNGLASSES TO PLAINTIFF, WALKED AWAY, ENTERING THE CUSTODY STAFF OFFICE, PICKED UP THE PHONE AND PUNCHED IN SEVERAL DIGITS. COOK SUPERVISOR FRANCO CALLED OUT TO PLAINTIFF TO STOP STALLING AND TO COME AND WORK, TO MAKE THE CEREAL FOR THE MENU. PLAINTIFF PROCEEDED TO WHERE COOK SUPERVISOR FRANCO WAS AT AND MENTIONED THAT HE WAS DELAYED BY C/o's LINDQUIST AND ELIZALDE MESSING WITH HIM ABOUT HIS SUNGLASSES. COOK SUPERVISOR (C.S) FRANCO STATED "OKAY".

AFTER MAKING THE MORNING CEREAL, PLAINTIFF BEGAN STACKING PANS ON THE TABLE WHEN C/o ELIZALDE TOLD PLAINTIFF TO STEP OUTSIDE BECAUSE HE WANTED TO TALK TO TALK TO PLAINTIFF. PLAINTIFF NOTIFIED INMATE COOK LEAD MAN ROOSEVELT BRANNON THAT HE WAS GOING OUTSIDE TO TALK WITH C/o ELIZALDE WHO IS KNOWN TO INMATES AND STAFF AS "E.Z" OR "EASY". LEAD MAN BRANNON STATED "OKAY". PLAINTIFF DID NOT WANT TO BE WHERE C.S. FRANCO DID NOT KNOW WHERE HE WAS AT AS C.S. FRANCO HAS STRICT RULES THAT ALL COOKS REMAIN IN THEIR DESIGNATED AREA.

C/o ELIZALDE UNLOCKED THE MAIN KITCHEN DOOR AND LEAD PLAINTIFF OUTSIDE, WHERE NO OTHER STAFF OR INMATES WERE PRESENT, AND STATED "I CHECKED, AND YOU DO HAVE A PAIR OF BLACK SUNGLASSES ON YOUR PROPERTY CARD. BUT THEY DON'T SAY WHAT BRAND

THEY ARE. SO UNTIL YOU BRING ME A RECEIPT I'M KEEPING THEM." PLAINTIFF EXPLAINED THAT WHEN THEY WERE MAILED TO HIM IN HIS PERSONAL PACKAGE THAT THERE WAS NO POLICY MANDATING THAT A RECEIPT ACCOMPANY ANY PERSONAL PACKAGE ITEMS, AND THAT IT HAD BEEN OVER THREE YEARS SINCE PLAINTIFF RECEIVED THE SUNGLASSES. "I DON'T CARE. YOU'RE NOT GETTING THEM IF YOU DO NOT GIVE ME A RECEIPT." PLAINTIFF TOLD C/O ELIZALDE THAT HIS ACTIONS AMOUNTED TO A PETTY THEFT AND THAT HE COULD LOSE HIS BADGE. C/O ELIZALDE ORDERED PLAINTIFF TO GET UP AGAINST THE WALL. PLAINTIFF COMPLIED. C/O ELIZALDE STATED, "WHEN I TELL YOU TO, I WANT YOU TO BRING YOUR LEFT HAND BEHIND YOUR BACK WHILE KEEP-ING YOUR RIGHT HAND ON THE WALL." PLAINTIFF COMPLIED. ONCE C/O ELIZALDE HAD COMPLETED HANDCUFFING PLAINTIFF SGT. DAVIS CAME OUT OF NOWHERE AND BEGAN CHOKING PLAINTIFF WHILE YELLING "WHAT IS WRONG WITH YOU? WHAT IS WRONG WITH YOU?" REPEATEDLY. C/O'S LINDQUIST WHO ALSO APPEARED OUT OF NOWHERE ALONG WITH ELIZALDE BEGAN PUNCHING PLAINTIFF AND DRUG PLAINTIFF OUT OF THE KITCHEN AREA BACK OUTSIDE. PLAINTIFF WAS SLAMMED AGAINST THE WALL AS SGT. DAVIS STILL HAD PLAINTIFF'S NECK IN A CHOKE HOLD WITH BOTH HANDS.

"YOU MOTHERFUCKER, WE'LL KILL YOU. YOU SEE HOW WE KICK YOUR ASS AND NOBODY HELPED YOU? WE'LL KILL YOU AND NOBODY WILL HELP YOU. YOU KNOW WHAT.

EASY. TAKE THE CUFFS OFF OF HIM, LET'S KILL HIM RIGHT NOW. TAKE 'EM OFF!" SGT. DAVIS STILL CHOKING ME. "I DON'T THINK THAT WOULD BE A GOOD IDEA BOSS. LOOK" ELIZALDE SAID, AND SNATCHED MY STAR OF DAVID FROM MY CHAIN, LINDQUIST AND SGT. DAVIS BEGAN WALKING PLAINTIFF TOWARD THE WORK CHANGE AREA WHERE HE SAW A PRISONER SITTING ON AN ORANGE MILK CRATE WATCHING HIM BEING BATTERED BY C/O'S LINDQUIST, ELIZALDE AND DAVIS. ONCE NEAR WORK CHANGE, C/O LINDQUIST AND DAVIS STOPPED AND BEGAN PUMMELING PLAINTIFF WITH KNEES TO THE LOWER TORSO. PUNCHES TO THE HEAD. UPON ENTERING THE WORK CHANGE SHED. SGT. DAVIS RAMMED PLAINTIFF INTO THE WAIST HIGH COUNTER. STARTLING C/O DILL, WHO HAD BEEN ON THE TELEPHONE AND LOOKING INTO THE OPPOSITE DIRECTION. UPON HEARING PLAINTIFF RAMMED, C/O DILL PULLED THE PHONE AWAY FROM HERE EAR AND BEGAN SCREAMING "UH. OH. UH, OH, UH. OH." SHE HUNG UP THE PHONE AND SCREAMED AT THE INMATE WORKER, WHO IS AN OLDER HISPANIC PRISONER, NAME UNKNOWN. "GET OUT OF HERE AND SHUT THE DOOR!". THE PRISONER COMPLIED. C/O FRANCO WAS IN THE WORK CHANGE OFFICE AND LOOKED TO BE IN SHOCK AT WHAT WAS OCCURRING. SGT. DAVIS THEN SLAMMED PLAINTIFF INTO SEVERAL WALLS INSIDE OF THE WORK CHANGED SHED, CONTINUING TO BRUTALIZE PLAINTIFF. AND FINALLY RAN PLAINTIFF OUTSIDE AND TOWARD THE FACILITY-A- PROGRAM OFFICE. WHILE C/O FRANCO

MAINTAINED PLAINTIFF BY THE RIGHT ARM AND DAVIS MAINTAINED PLAINTIFF BY THE LEFT ARM. CAUSING BRUISING TO PLAINTIFFS LEFT BICEP. AND UPON INITIAL CONTACT WITH PLAINTIFF BY DAVIS' GRABBING PLAINTIFF IN A CHOKE-HOLD, THE LEFT SIDE OF HIS FACE WAS BLOODIED BY THE WOOD COAT HANGER PEG ABOVE THE LIP AND BELOW THE NOSE AREA.

WHILE BEING ESCORTED AND MANHANDLED BY SGT. DAVIS. IT SEEMED THAT DAVIS WAS ATTEMPTING TO CAUSE PLAINTIFF TO GO TO THE GROUND, BUT THAT C/o FRANCO WAS PROHIBITING THE ACT, BY HOLDING PLAINTIFF UPRIGHT TO STOP THE HARM. DAVIS THEN TOLD PLAINTIFF "YOU'RE A FUCKING NIGGER!" ABOUT THAT TIME C/o CRIVER WAS APPROACHING THE AREA.

UPON ARRIVING AT THE PROGRAM OFFICE. DAVIS RAMMED PLAINTIFF'S FACE INTO THE CORNER OF THE WALL AND HELD IT THERE. DAVIS THEN RAMMED PLAINTIFF'S BODY INTO THE DOOR FRAME AND FACE INTO A METAL CAGE.

LT. SCOTT CAME INTO THE PROGRAM OFFICE AND AFTER SOME SILENCE STATED VERY LOUD "NO. YOU DON'T HAVE HIM RIGHT. YOU GOT TO GET HIM RIGHT! THIS IS SO STUPID.!!" BEFORE STORMING BACK OUT OF THE PROGRAM OFFICE. "YOU DEAL WITH THIS" SHE. (LT SCOTT)

TOLD DAVIS.

PLAINTIFF WAS CONFINED TO QUARTERS FOR THE REST OF THE DAY & FIRED FROM HIS COOK JOB.

PLAINTIFF CONTENDS THAT PLEASANT VALLEYS OPERATIONS PROCEDURE CONCERNING USE OF FORCE REVIEW PROCEDURES NUMBER 64 WAS VIOLATED., CALLING FOR A CDC FORM 837 CRIME/INCIDENT REPORTS BE COMPLETED AND RE-VIEWED. A MEDICAL INJURY REPORT CDC 7219 BE COMPLETED, PHOTOGRAPHS OF INJURIES AND A VIDEO-TAPE OF PLAINTIFF.

PLAINTIFF CONTENDS THAT HE WAS ASSAULTED AND BATTERED BY C/o'S DAVIS, LINDQUIST AND ELIZALDE. AND THAT UPON C/o ELIZALDE EXTRACTING HIMSELF FROM THE BATTERY, DAVIS AND LINDQUIST CONTINUED THE BATTERY TO THE WORK CHANGE SHED. THAT UPON LINDQUIST EXTRACTING HIMSELF FROM THE BATTERY, DAVIS CONTINUED THE BATTERY. PLAINTIFF ASSERTS THAT HIS 8th AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENTS WAS VIOLATED.

PLAINTIFF CONTENDS THAT C/o DILL HAD THE DUTY TO PROTECT PLAINTIFF FROM THE CONTINUATION OF THE BATTERY., BUT DID INSTEAD THEREOF TRY TO CONCEAL IT BY ORDERING THE INMATE WITNESS OUT OF THE OFFICE. PLAINTIFF CONTENDS THAT C/o'S DILL AND FRANCO HAD THE DUTY TO STOP DAVIS FROM BATTERING PLAINTIFF WHO WAS HANDCUFFED AN UNABLE TO PROTECT HIMSELF. C/o'S DILL, FRANCO, J.L. SCOTT, CRINER, LINDQUIST, DAVIS, VALENCIA AND ELIZALDE FAILED

TO DOCUMENT THE USE OF FORCE AND THE OBSERVED USE OF FORCE REQUIRED BY O.P. 64 III (A). FURTHERMORE THE MENTIONED C/O'S FAILED TO IDENTIFY ANY WITNESSES TO THE INCIDENT AND DESCRIBE THE CIRCUMSTANCES GIVING RISE TO THE USE OF FORCE AND THE NATURE AND EXTENT OF THE FORCE USED.

PLAINTIFF CONTENDS THAT SECRETARY NESBITT WITNESSED THE BATTERY ALONG WITH, C.S. FRANCO, "CAS" AND "GUS" BUT FAILED TO STOP THE BATTERY. FURTHERMORE, AND WHEN DAVIS WAS GOING TO FABRICATE AND ACCOUNT. SECRETARY NESBITT COUNSELLED DAVIS ON WHAT "NOT" TO WRITE.

PLAINTIFF CONTENDS THAT GOVERNOR SCHWARZENEGGER, SECRETARY OF THE CDC AND R JAMES TILTON, DIRECTOR CDC AND R SCOTT KERNAN, WARDEN JAMES YATES. A.W. BEELS AND M.C. DAVIS, AND LT. SCOTT HAD THE DUTY TO ENSURE THAT PLAINTIFF IS NOT BATTERED BY CUSTODY STAFF AND THAT CUSTODY STAFF DO NOT CREATE A HAZARDOUS ENVIRONMENT FOR PLAINTIFF BY SPREADING THE WORD ~~[illegible]~~ TO STAFF THAT PLAINTIFF IS KNOWN TO FILE GRIEVANCES AND LAW-SUITS FOR CIVIL RIGHTS ~~[illegible]~~ VIOLATIONS AS THIS HAS PLACED A TARGET UPON PLAINTIFF FOR CUSTODY STAFF TO RETALIATE AGAINST PLAINTIFF.

HISPANIC AND WHITE CUSTODY STAFF ARE BEATING UP BLACK PRISONERS IN HERE.

PLAINTIFF HAS HAD SEVERAL INMATES APPROACH HIM ON SGT. DAVIS' BEHALF TO ASCERTAIN WHETHER

OR NOT PLAINTIFF WILL FILE A 602 INMATE APPEAL ON THE ISSUE.

SGT. DAVIS; C/O ELIZALDE; LINDQUIST ARE IN A DIFFICULT SITUATION. THEY EACH BATTERED PLAINTIFF IN THE PRESENCE OF MANY INMATE WITNESS AND CUSTODY STAFF WITNESSES AND COOK STAFF WITNESSES WHO ARE NOT CUSTODY STAFF. USUALLY WHEN GUARDS BATTER PRISONERS THEY PRESS THE "BODY ALARM" AND FALSELY CLAIM THAT THE INMATE ASSAULTED AND BATTERED THEM. GOING SO FAR AS TO FAKE INJURIES, THE ENGAGEMENT OF THEIR BODY ALARM LENDING CREDENCE THAT THEY WERE THE ONE'S ATTACKED BY THE PRISONER. HOWEVER, AND IN THIS CASE THE LORD YAHWEH MADE IT SO THAT THEY HANDCUFFED THE PLAINTIFF FIRST. AND THEREFORE COULD NOT CLAIM THAT PLAINTIFF BATTERED THEM, TO COVER-UP THE INJURIES PLAINTIFF HAS SUSTAINED. TO HIS FACE AND LEFT ARM INCLUDING AGGRAVATION OF PREVIOUSLY EXISTING INJURIES TO PLAINTIFF'S NECK AND SHOULDER.

THAT PLAINTIFF WAS COMPLIANT AND HANDCUFFED; PLAINTIFF CONTENDS THAT THERE WAS NO JUSTIFICATION FOR THE USE OF FORCE AND THAT THE USE OF FORCE WAS STRIKINGLY DISPROPORTIONATE TO THE CIRCUMSTANCES, WHICH IS DEMONSTRABLE OF THE STATE OF MIND OF GUARDS TOWARD PLAINTIFF AS A LITIGATOR; THAT THE USE OF FORCE WAS MORE FORCE THAN IS OBJECTIVELY REASONABLE TO ACCOMPLISH

A LAWFUL PURPOSE. THAT DAVIS, ELIZALDE, AND LINDQUIST FAILED TO DISCONTINUE THE USE OF FORCE ONCE THE PLAINTIFF WAS SUBDUED AND NOT RESISTING. (PLAINTIFF NEVER RESISTED) FORCE WAS USED WHEN IT WAS NOT REQUIRED OR APPROPRIATE. DEFENDANTS DAVIS, LINDQUIST, AND ELIZALDE ESCALATED A MINOR SITUATION AND USED THE "SUNGLASSES" AS AN EXCUSE TO USE FORCE IN COMPLETE VIOLATION OF THE PRISONS USE OF FORCE POLICY. THE PURPOSE HEREIN WAS UNLAWFUL

LT. J.L. SCOTT COMPLETELY FAILED TO USE GOOD JUDGEMENT AND NOT PRECLUDE THE VIDEOTAPING OF AN INTERVIEW. LT. J.L. SCOTT FAILED TO HAVE THE NURSE STAFF INSPECT PLAINTIFF FOR INJURIES. PLEASANT VALLEY STATE PRISON'S [illegible] POLICY CALLS FOR THE CULPABILITY IN THE USE OF FORCE TO REST ON THE EMPLOYEE, SUPERVISOR, MANAGERS, AND ADMINISTRATORS WHERE DEFICIENCIES ARE KNOWN AND TOLERATED. (O.P. 64.)

PLAINTIFF CONTENDS THAT THE USE OF FORCE IMPLEMENTED BY DEFENDANTS DAVIS, LINDQUIST AND ELIZALDE WAS NOT APPLIED IN A GOOD FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE BUT WAS APPLIED MALICIOUSLY AND SADISTICALLY TO CAUSE HARM, VIOLATING CONTEMPORARY STANDARDS OF DECENCY WHICH FORCE WAS NOT DE MINIMUS AS WHEN THERE IS NO NEED FOR THE USE OF FORCE, THE CONSTITUTION MAY BE VIOLATED BY SMALL AMOUNTS OF FORCE OF A PUSH

OR A SHOVE. IN THIS CASE DEFENDANT DAVID CHOKED PLAINTIFF FOR A PROLONGED PERIOD OF TIME. ORDERED C/O ELIZALDE TO REMOVE THE HANDCUFFS TO KILL PLAINTIFF, CONTINUED THE BEATING WHILE PLAINTIFF REMAINED HANDCUFFED, WHILE C/O'S DILL AND FRANCO STOOD BY AND ALLOWED THE ABUSE AND BRUTALITY, AND FAILED TO REPORT THE BRUTALITY.

DVSP HAS FAILED TO EMPLOY AFRICAN-AMERICAN CUSTODY STAFF TO ENSURE THE SAFETY OF PLAINTIFF

PLEASANT VALLEY STATE PRISON (PVSP) FACILITY-A- AND THE CDC AND R ARE IN VIOLATION OF THE CDC AND R'S "AFFIRMATIVE ACTION PROGRAM" WHICH RELATES TO THE DEPARTMENTS PLAN TO ERADICATE DISCRIMINATION. THE PLAN CALLS FOR, AND REFERS TO GUIDELINES ISSUED BY THE LAW ENFORCEMENT ASSISTANCE ADMINISTRATION OF THE UNITED STATES DEPARTMENT OF JUSTICE (LEAA) INDICATING "THAT AN AGENCY'S PERCENTAGE OF MINORITY PERSONNEL SHOULD BE AT LEAST 70% OF THAT MINORITY PERSONNEL IN ITS SERVICE (INMATE POPULATION). SAID HIRING PRACTICES ARE DESIGNED TO PROTECT BOTH STAFF AND INMATES.

WHILE PLAINTIFF IS NOT "RACIST" OR ASCRIBES TO HELENA BATLAVSKY PRINCIPLES OF RACE- MANY PRISONERS AND STAFF ARE "RACE CONSCIOUS" AND

PRACTITIONERS OF RACIST IDEOLOGIES. PERSONAL LEARNED BIAS WHICH ARE EXERCISED IN THE PERFORMANCE OF THEIR JOBS WITHIN THE CDC AND R, AND IF THEY ARE CAUCASIAN GUARDS LIKE LINDQUIST, ELIZALDE AND SGT. DAVIS. THESE RACIST IDEOLOGIES ARE MORE EASILY EXERCISED WHEN ONLY ONE RACE OF PEOPLE ARE POSITIONED THROUGHOUT THE PRISON WITHOUT THE BENEFIT OF OTHER RACE GUARDS WHICH WOULD ACT AS A CHECKS AND BALANCE AGAINST INDISCRIMINATE RACISM. UPON AFRICAN-AMERICAN PRISONERS AT THE HANDS OF CAUCASIAN GUARDS LIKE ELIZALDE. LINDQUIST AND DAVIS. SUPERVISED BY A CAUCASIAN LT. J.L. SCOTT A KNOWN RACIST LIEUTENANT KNOWN AS THE "GREEN WALL" QUEEN. A PRISON GUARD GANG KNOWN TO MURDER AFRICAN AMERICAN PRISONERS.

PLAINTIFF CONTENDS THAT THE DEFENDANTS, — SCHWARZENEGGER, TILTON, KERNAN, YATES, BEELS HAVE THE DUTY TO ENSURE THAT PLAINTIFF IS NOT SUBJECTED TO BEING PLACED IN AN ENVIRONMENT WHERE THERE ARE NOT THE REQUISITE AMOUNT OF GUARDS OF HIS RACE, WHEREBY ACTIONS SUCH AS HE HAS JUST BEEN SUBJECTED TO AT THE HANDS OF LINDQUIST, DAVIS, ELIZALDE, DILL, FRANCO (C.O.) AND J.L. SCOTT, WOULD NOT OCCUR. EACH CASE OF EXCESSIVE FORCE IS UPON A BLACK PRISONER BY A CAUCASIAN OR HISPANIC GUARD. THERE ARE APPROXIMATELY (4) AFRICAN

AMERICAN GUARDS ON DUTY ON PVSP FACILITY -A- OUT OF (57) GUARDS FOR 1ST, 2nd AND 3rd WATCH.

CDC AND R SO-CALLED "CORRECTIONAL" GUARDS TRULY ARE UNDER THE IMPRESSION THAT THEY CAN DO ANYTHING AND EVERYTHING THAT THEY WANT TO DO, INCLUDING MURDERING PRISONERS. PLAINTIFF WAS CHOKED WITHIN AN INCH OF HIS LIFE AND TOLD BY SGT. DAVIS, A 28 YEAR OLD WHITE MAN THAT HE AND HIS BUDDIES WOULD KILL PLAINTIFF. PLAINTIFF WOULD RATHER BE KILLED THAN TO PRETEND THAT THIS ATTEMPT AND THREAT UPON HIS LIFE DID NOT OCCUR. RACISM IS A DISEASE THAT MUST BE ERADICATED AND POLICE BRUTALITY MUST BE EXPOSED AND ALL PARTIES INVOLVED PUNISHED BOTH CIVILLY AND CRIMINALLY.

I HAVE (40) AFFIDAVITS. ATTESTING TO ABUSES INFLICTED UPON OTHER PRISONERS INCLUDING BEATINGS SUSTAINED BY PRISON FROM C/O ELIZALDE AND SGT. DAVIS ON OTHER YARDS AT PVSP WHICH DEMONSTRATES AN ONGOING PATTERN OF ABUSE AND BRUTALITY PERMITTED, ENCOURAGED AND CONCEALED BY SUPERVISORY STAFF AT PVSP.

ON MARCH 04, 2007, PLAINTIFF WAS ARRESTED BY SGT. DAVIS WHILE ON A VISIT IN THE PVSP FACILITY -A- VISITING ROOM WITH HIS MOTHER SANDRA

FOR AN ALLEGED "RAPE" OF AN INMATE. PLAINTIFF WAS PLACED IN ADMINISTRATIVE SEGREGATION, AFTER HAVING HIS DEOXYRIBONUCLEIC ACID D.N.A. FORCIBLY TAKEN FROM HIM CONSISTING OF (4) VIALS OF BLOOD, FINGERNAIL SCRAPINGS, SALIVA, HAIR SAMPLES ETC... . SOME SIX MONTHS AFTER THE FALSE ALLEGATION PLAINTIFF CONTACTED THE CALIFORNIA DEPARTMENT OF JUSTICE (D.O.J.) REQUESTING THE RESULTS OF THE "RAPE KIT" WHEN PLAINTIFF RECEIVED A RESPONSE FROM JEFF WALLS OF THE LAW ENFORCEMENT DIVISION - SPECIAL AGENT IN CHARGE D.O.J. STATING THAT AS OF JULY 24th, 2007, PVSP HAD NEVER SUBMITTED ANY RAPE KIT TO THE D.O.J. RELEVANT TO PETITIONER. UPON RECIEVING SAID NOTIFICATION, PLAINTIFF FILED SEVERAL GRIEVANCES REQUESTING TO KNOW WHERE HIS D.N.A. WAS AT, AS PLAINTIFF'S D.N.A. IS UNACCOUNTED FOR. FURTHERMORE, THE ALLEGED VICTIM OF THE RAPE, HENRY NOLKEMPER HAS WRITTEN AN AFFIDAVIT STATING THAT UPON REQUESTING A CELL CHANGE. SGT. DAVIS TOLD HIM THAT HE WOULD NOT MOVE "NOLKEMPER" BUT THAT IF NOLKEMPER WAS TO SAY THAT PLAINTIFF SMITH, WHO WAS NOLKEMPER'S CELLMATE AT THE TIME, RAPED HIM THAT HE SGT. DAVIS WOULD MOVE NOLKEMPER. NOLKEMPER COMPLIED AND SAYS THAT HE MADE THE ALLEGATION NOT KNOWING THAT SGT. DAVIS WOULD USE IT TO ARREST PLAINTIFF. (PLAINTIFF CURRENTLY

HAS A PENDING 42 USC § 1983 PENDING BEFORE THIS COURT WHICH WAS FILED UNDER CASE NO. 2:07 CV 1849 LKK GGH P IN THE EASTERN DISTRICT COURT IN THE SACRAMENTO DIVISION, BUT TRANSFERRED - VIA INTRADISTRICT TRANSFER TO FRESNO, AND ASSIGNED A NEW CASE NO. 1:07 CV 1547 OWW WMW. BY JUDGE GREGORY G. HOLLOWS ON THE ISSUE OF PLAINTIFF'S UNACCOUNTED FOR D.N.A.).

DURING PLAINTIFF'S WRONGFUL HOUSING IN THE ADMINISTRATION UNIT, PLAINTIFF. HAVING HAD ONE PENDING CIVIL CASE S:05 CV 1257 GEB KJM P AND ONE CRIMINAL APPEAL CASE NO. CIV-S-06 2072 DFL KJM P WHICH CASE NO. HAS ALSO BEEN CHANGED TO 2:06 CV-02072 RRB-KJM(HC). C/O ELIZALDE WAS THE C/O LAW LIBRARIAN IN UNIT D-4 WHERE PLAINTIFF WAS ASSIGNED AND DID VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS TO WHICH PLAINTIFF DID NOTIFY THE COURT OF C/O ELIZALDE'S DENIAL OF PLAINTIFF'S ACCESS TO THE COURT FILED ON JUNE 27, 2007 IN PLAINTIFF'S REQUEST AND MOTION FOR PRELIMINARY INJUNCTION OR IN THE ALTERNATIVE TEMPORARY RESTRAINING ORDER AGAINST DVSP, THE CDC & R AND SPECIFICALLY C/O ELIZALDE SGT. DAVIS AND ELIZALDE BOTH ANGRY AT PLAINTIFF FOR EXPOSING THEM. CREATED AN ENVIRONMENT WHEREBY THEY COULD BEAT-UP PLAINTIFF IN RETALIATION FOR THEIR VIOLATIONS OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, THOROUGHLY DURING

C/O LINDQUIST. INTO PARTICIPATING IN THE BATTERY OF PLAINTIFF. DURING THE ENTIRE BATTERY C/O LINDQUIST KEPT YELLING AT PLAINTIFF THAT PLAINTIFF WAS A "FAG". "QUEER" "DICK SUCKER" "RAPIST." AND "BOOTY BANDIT" WHICH HAS BEEN PROVEN TO BE LIES CONCOCTED BY SGT. DAVIS AND REQUIRED OF INMATE MOLKEMPER TO STATE AT THE BEHEST OF SGT. DAVIS.

PLAINTIFF CONTENDS THAT THE BATTERY HE SUSTAINED WAS DELIBERATE, ORCHESTRATED AND A WANTON INFLICTION OF PAIN AND BRUTALITY.

PLAINTIFF'S CONTACT WITH DEFENDANTS DAVIS & ELIZALDE IN THE FACE OF THEIR ONGOING ABUSE OF PLAINTIFF, PLAINTIFF ASSERTS WAS CONTRIVED.

FURTHERMORE C/O DILL, REFERRED TO PLAINTIFF BY THE NAME "BUCKWHEAT" WHICH PLAINTIFF CONTENDS IS AKIN TO CALLING HIM A "NIGGER". AS A RESULT OF BEING CALLED "BUCKWHEAT" BY DEFENDANT "DILL", PLAINTIFF STATED THAT THE LITTLE RASCALS WERE IN CLASS AND THE TEACHER SAID, OKAY CLASS, I WANT FOR YOU TO TELL ME YOUR FAVORITE ~~WORD~~ WORD AND WHY IT'S YOUR FAVORITE WORD AND ALFALFA RAISED HIS HAND AND STATED THAT HIS FAVORITE WORD WAS CANDY AND WAS BECAUSE EVERYDAY AFTER SCHOOL HE'D RUN TO THE STORE AND BUY CANDY. DARLA SAID HER FAVORITE CANDY WAS CHOCOLATE WHEN BUCKWHEAT STATED THAT HIS FAVORITE WORD, (IN BUCKWHEAT'S VOICE) WAS "DI-TATE."

SO WHEN THE TEACHERS ASKED BUCKWHEAT "WHY" WAS DICTATE HIS FAVORATE WORD., BUCKWHEAT RESPONDED "CAUSE DAH-LAH TAY MY DI-TAY GOOD IN HER MOUF". C/O DEFENDANT DILL LAUGHED AND SAID "THAT'S A FUNNY JOKE SMITH" TO WHICH PLAINTIFF STATED "THANKS DARLA". DEFENDANT DILL BECAME ENRAGED.

SEVERAL MONTHS THEREAFTER PLAINTIFF LEARNED THAT C/O DEFENDANT DILL WAS ANGRY WITH PLAINTIFF OVER THE JOKE DUE TO THE FACT THAT WHEN SHE WOULD USE OTHER RACIST "VERBS" TO REFERENCE BLACK INMATES THEY WOULD RESPOND BY SAYING "YEAH, OKAY DARLA." C/O DEFENDANT DILL REFERENCED OTHER BLACKS AS "MONKEY MAN" "NELSON MANDELA'S" AND OTHER RACIALLY CHARGED SLURRS THAT SHE THOUGHT AS BEING FUNNY BUT ARE INSULTS TO ANY REASONABLE PERSON.

AT ONE TIME PLAINTIFF TOLD DEFENDANT DILL THAT ALL PEOPLE ARE FROM AFRICA AND THEREFORE, ALL OF HUMANITY INSTEAD OF BEING REFERRED TO AS BEING SEPERATE ARE ALL TRULY AFRICANS. TO WHICH DILL RESPONDED "THAT'S NOT WHAT MY DADDY WOULD SAY." GRANTED C/O DILL IS APPROXIMATELY 56-60 YEARS OLD AND THEREFORE HER RESPONSE IS AN ATTEMPT TO REFERENCE AN OUTLAWED THOUGHT PROCESS OF PRO-RACISM.

PLAINTIFF ASSERTS THAT DEFENDANT DILL MADE KNOWN TO DEFENDANTS LINDQUIST, ELIZALDE AND DAVIS HER VERBAL EXCHANGES WITH PLAINTIFF AND THAT THE STAGE AND THE ENVIRONMENT WAS RIPE FOR THE BATTERY TO OCCUR.