# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>SGT. DAVIS, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:07-cv-01632-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(Doc. 4)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

Plaintiff Michael Lenoir Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 13, 2007, Plaintiff filed a motion seeking a preliminary injunction placing the defendants on notice that the Court is aware of the allegations against them.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A preliminary injunction does not serve the function of placing a party on notice of the Court's awareness of the allegations against him or her. Plaintiff is not seeking an order of relief that would be appropriately addressed by the issuance of a preliminary injunction. Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed November 13, 2007, be DENIED.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Finding and Recommendation, Plaintiff may file a written objection with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 6, 2008**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE