# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. DAVIS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01632-AWI-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>AMENDED COMPLAINT OR NOTICE OF WILLINGNESS TO PROCEED DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Michael Lenoir Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 13, 2007.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claims**

Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, where the events giving rise to the claims at issue in this action allegedly occurred. Plaintiff's claim arise from an incident of physical force against which occurred on October 17, 2007. Plaintiff alleges that he was beaten up by Defendants Davis, Lindquist, and Elizalde in retaliation for his litigation activities.

**A.   Excessive Force Claim**

Plaintiff alleges that his rights under the Eighth Amendment were violated when he was beaten by Defendants Davis, Lindquist, and Elizalde while Defendants Nesbitt, Franco, Cas, Gus, and Dill stood by and did nothing.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth

Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations concerning the incident in which Defendants Davis, Lindquist, and Elizalde beat him without provocation are sufficient to support a claim under section 1983 for use of excessive physical force. Plaintiff also alleges that Defendants Nesbitt, Franco, Cas, Gus, and Dill failed to intervene and stop the use of force against him. The alleged failure to intercede when there was an opportunity to do so is sufficient to give rise to a claim for relief under section 1983 against Nesbitt, Franco, Cas, Gus, and Dill for violation of the Eighth Amendment. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

**B.    Retaliation Claim**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

///

the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegation that the beating by Defendants Davis, Lindquist, and Elizalde was motivated out of retaliation for his litigation activities is sufficient to give rise to a claim for relief under section 1983 against Davis, Lindquist, and Elizalde for retaliation.

### C. Denial of Access to Medical Care Claim

Plaintiff alleges that Defendant Scott failed to have a nurse inspect Plaintiff's injuries following the incident of force.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegation against Defendant Scott is insufficient to support a claim that she violated his rights under the Eighth Amendment by denying him access to medical care because it does not support a claim that Defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

///

///

4

### D. Claim Arising From Failure to Document Incident

Plaintiff alleges that Defendants Dill, Franco, Scott, Criner, Lindquist, Davis, Valencia, and Elizalde failed to document the incidence of force or identify any witnesses, in violation of operational procedures. (Doc. 1, court record pgs. 8 & 9.) This allegation does not give rise to a claim for relief under section 1983 because the failure to follow prison operational procedures does not violate any federally protected right.

### D. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff's complaint contains numerous allegations concerning race and racism. However, the allegations seem to pertain more to a general atmosphere and a racial imbalance with respect to African-American guards. It is unclear if Plaintiff is alleging that the beating was an act of intentional discrimination against Plaintiff based on his race or not.[1] The Court will allow Plaintiff the opportunity to amend in the event that he is attempting to pursue an equal protection claim. Plaintiff may not pursue a claim against any of the named defendants under section for violation of the Equal Protection Clause on the basis of the California Department of Corrections and

---

[1] For example, as the beating drew to a close, Defendant Davis used a racial epithet against Plaintiff. However, it is not clear if the allegation is meant to support an equal protection claim or not. The page numbers of the complaint set forth by Plaintiff indicate that there should be twenty pages. However, the last page the Court has in its possession is marked page sixteen of twenty. Because it appears that the Court did not receive all of the pages, it is possible that Plaintiff set forth his specific legal claims on one or more of the missing pages.

Rehabilitation's hiring policies as Plaintiff has no standing to bring such a claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130 (1992).

### E. Claim Against Defendants Schwarzenegger, Tilton, Kernan, Yates, and M.C. Davis

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff is attempting to impose liability on Defendants Schwarzenegger, Tilton, Kernan, Yates, and M.C. Davis[2] based on the duties they owe Plaintiff by virtue of their positions of authority. (Doc. 1, court record pg. 9.) Supervisory personnel "[may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). However, liability may not be imposed on Defendants simply because of their positions of authority, and Plaintiff's complaint contains no other basis for liability. Therefore, Plaintiffs fails to state a claim against Defendants Schwarzenegger, Tilton, Kernan, Yates, and M.C. Davis.

///

///

---

[2] Defendant Sergeant Davis allegedly joined in the beating of Plaintiff. Defendant M.C. Davis is an Associate Warden.

**III.     Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Davis, Lindquist, Elizalde, Nesbitt, Franco, Cas, Gus, and Dill, and under the First Amendment against Defendants Davis, Lindquist, and Elizalde for retaliation. However, there are no other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Davis, Lindquist, Elizalde, Nesbitt, Franco, Cas, Gus, and Dill, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that the other defendants be dismissed from this action, and will forward Plaintiff eight summonses and eight USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Davis, Lindquist, Elizalde, Nesbitt, Franco, Cas, Gus, and Dill on his Eighth and First Amendment claims; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 6, 2008**                          **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE