# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH, | CASE NO. 1:07-cv-01632-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| SGT. DAVIS, et al., | (Doc. 1) |
| Defendants. | |

**Findings and Recommendations Following Screening of Complaint**

**I.      Screening Requirement**

Plaintiff Michael Lenoir Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 13, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
7 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
8 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
9 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
10 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

11    On May 7, 2008, the Court issued a screening order in which it found that Plaintiff's
12 complaint states a claim under the Eighth Amendment against Defendants Sgt. Davis, Lindquist,
13 Elizalde, Nesbitt, Franco, Cas, Gus, and Dill, and under the First Amendment against Defendants
14 Sgt. Davis, Lindquist, and Elizalde for retaliation. The Court found no other cognizable claims,
15 however. Plaintiff was ordered to either file an amended complaint curing the deficiencies identified
16 by the Court or notify the Court of his willingness to proceed forward only on his cognizable claims.

17    On May 14, 2008, Plaintiff filed a notice stating that he is agreeable to proceeding only on
18 the claims found to be cognizable. In the notice, Plaintiff clarified that there are two defendants
19 named Franco and requested that they both be served. The Court has again reviewed the complaint
20 and finds that it states a claim against both defendants named Franco. Based on Plaintiff's notice,
21 this Findings and Recommendations now issues.

22 **II.    Plaintiff's Claims**

23    Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, where the events
24 giving rise to the claims at issue in this action allegedly occurred. Plaintiff names Sgt. Davis,
25 Lindquist, Elizalde, Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, Dill, Valencia, Scott,
26 Governor Schwarzenegger, Tilton, Kernan, Yates, M. C. Davis, Hernandez, Duty, McBride, Soares,
27 Huckabay, and Green as defendants. Plaintiff's claims arise from an incident of physical force
28 against him which occurred on October 17, 2007.

**A.    Excessive Force Claim**

Plaintiff alleges that his rights under the Eighth Amendment were violated when he was beaten by Defendants Sgt. Davis, Lindquist, and Elizalde while Defendants Nesbitt, Cook Supervisor Franco, Correctional Officer ("C/O") Franco, Cas, Gus, and Dill stood by and did nothing.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff's allegations concerning the incident in which Defendants Sgt. Davis, Lindquist, and Elizalde beat him without provocation are sufficient to support a claim under section 1983 for use

3

of excessive physical force. Plaintiff also alleges that Defendants Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, and Dill failed to intervene and stop the use of force against him. The alleged failure to intercede when there was an opportunity to do so is sufficient to give rise to a claim for relief under section 1983 against Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, and Dill for violation of the Eighth Amendment. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000); Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

### B. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff's allegation that the beating by Defendants Sgt. Davis, Lindquist, and Elizalde was motivated out of retaliation for his litigation activities is sufficient to give rise to a claim for relief under section 1983 against Davis, Lindquist, and Elizalde for retaliation.

### C. Denial of Access to Medical Care Claim

Plaintiff alleges that Defendant Scott failed to have a nurse inspect Plaintiff's injuries following the incident of force.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

(9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegation against Defendant Scott is insufficient to support a claim that she violated his rights under the Eighth Amendment by denying him access to medical care because it does not support a claim that Defendant "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

### D. Claim Arising From Failure to Document Incident

Plaintiff alleges that Defendants Dill, Franco, Scott, Criner, Lindquist, Davis, Valencia, and Elizalde failed to document the incidence of force or identify any witnesses, in violation of operational procedures.  (Doc. 1, court record pgs. 8 & 9.)  This allegation does not give rise to a claim for relief under section 1983 because the failure to follow prison operational procedures does not violate any federally protected right.

### D. Equal Protection Claim

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff's complaint contains numerous allegations concerning race and racism. However, the allegations seem to pertain more to a general atmosphere and a racial imbalance with respect to African-American guards. It is unclear if Plaintiff is alleging that the beating was an act of intentional discrimination against Plaintiff based on his race or not.[1] Plaintiff was notified of this deficiency and provided with the opportunity to amend in the event that he was attempting to pursue an equal protection claim. Plaintiff was also notified that he may not pursue a claim against any of the named defendants under section for violation of the Equal Protection Clause on the basis of the California Department of Corrections and Rehabilitation's hiring policies as Plaintiff has no standing to bring such a claim. Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130 (1992). Plaintiff opted not to amend and therefore fails to state an equal protection claim.

**E.    Claim Against Defendants Schwarzenegger, Tilton, Kernan, Yates, and M.C. Davis**

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

///

///

---

[1] For example, as the beating drew to a close, Defendant Davis used a racial epithet against Plaintiff. However, it is not clear if the allegation is meant to support an equal protection claim or not. The page numbers of the complaint set forth by Plaintiff indicate that there should be twenty pages. However, the last page the Court has in its possession is marked page sixteen of twenty. Because it appears that the Court did not receive all of the pages, it is possible that Plaintiff set forth his specific legal claims on one or more of the missing pages.

Plaintiff is attempting to impose liability on Defendants Schwarzenegger, Tilton, Kernan, Yates, and M.C. Davis[2] based on the duties they owe Plaintiff by virtue of their positions of authority. (Doc. 1, court record pg. 9.) Supervisory personnel "[may be held] liable for the constitutional violations of subordinates 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" Hydrick, 500 F.3d at 988 (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)). However, liability may not be imposed on Defendants simply because of their positions of authority, and Plaintiff's complaint contains no other basis for liability. Therefore, Plaintiffs fails to state a claim against Defendants Schwarzenegger, Tilton, Kernan, Yates, and M.C. Davis.

### III. Conclusion and Recommendation

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Sgt. Davis, Lindquist, Elizalde, Nesbitt, Franco, Cas, Gus, and Dill, and under the First Amendment against Defendants Sgt. Davis, Lindquist, and Elizalde for retaliation. However, there are no other cognizable claims. The Court provided Plaintiff with the opportunity to either file an amended complaint curing the deficiencies identified by the Court in this order or proceed forward only on his cognizable claims. Based on Plaintiff's notice to proceed, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed November 13, 2007, against Defendants Sgt. Davis, Lindquist, Elizalde, Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, and Dill for use of excessive force in violation of the Eighth Amendment, and against Defendants Sgt. Davis, Lindquist, and Elizalde for retaliation in violation of the First Amendment;

2. Plaintiff's medical care claim, claim arising from the failure to document the incident, and equal protection claim be dismissed for failure to state a claim; and

///

///

---

[2] Defendant Sergeant Davis allegedly joined in the beating of Plaintiff. Defendant M.C. Davis is an Associate Warden.

3.  Defendants Valencia, Scott, Schwarzenegger, Tilton, Kernan, Yates, M. C. Davis, Hernandez, Duty, McBride, Soares, Huckabay, and Green be dismissed for failure to state a claim upon which relief may be granted against them.[3]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 12, 2008**          **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

---

[3] This Finding and Recommendation was issued by the undersigned on May 16, 2008, in conjunction with the Order finding service of the complaint appropriate.  Due to an administrative error, this Finding and Recommendation was not electronically filed, docketed, and served.  Therefore, it is hereby re-issued.