# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH, | CASE NO. 1:07-cv-01632-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE DENIED |
| v. | |
| SGT. DAVIS, et al., | (Doc. 35) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss**

**I.     Procedural History**

Plaintiff Michael Lenoir Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of May 19, 2008, this action is proceeding Defendants Sgt. Davis, Lindquist, Elizalde, Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, and Dill for use of excessive force in violation of the Eighth Amendment, and against Defendants Sgt. Davis, Lindquist, and Elizalde for retaliation in violation of the First Amendment.

On August 5, 2008, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) and Rule 12(b)(6), Defendants Davis, Elizalde, Nesbitt, I. Franco, and Dill filed a motion seeking dismissal of this action for failure to exhaust and dismissal of Plaintiff's state law claim for

///

///

///

failure to state a claim. Plaintiff filed an opposition on August 14, 2008, and Defendants filed a reply on August 19, 2008.[1]

**II.     Dismissal for Failure to Exhaust**

     **A.     Exhaustion Requirement**

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated

---

[1] Plaintiff filed a surreply on August 26, 2008. Plaintiff does not have a right to file a surreply, and was not granted leave of court to file one. Therefore, the surreply is not considered, and Defendants' motion to dismiss was deemed submitted on August 19, 2008, when the reply was filed. Local Rule 78-230(m).

by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

### B. Defendants' Motion

In his complaint, Plaintiff alleges that he did not file an appeal because Defendant Davis threatened to kill him if he told anyone Defendant had beaten him up. (Doc. 1, court record pg. 2, § II.) Defendants move for dismissal on the ground that Plaintiff conceded his failure to exhaust in his complaint, and there is no exception to the exhaustion requirement.

Although the Ninth Circuit has not yet ruled on the issue, Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (unclear if any exceptions apply), Defendants' conclusory argument fails to acknowledge the body of law holding that prison officials may not render the appeals process unavailable through misconduct and then take advantage of the prisoner's failure to complete the process, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Abney v. McGinnis, 380 F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals

1  process due to prison officials' conduct or the failure of prison officials to timely advance appeal
2  may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the
3  failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis
4  v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy
5  becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)
6  (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed
7  to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance
8  has been filed and the state's time for responding has expired, the remedies are deemed exhausted);
9  Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has
10 expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)
11 (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available
12 remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not
13 available where prison officials told prisoner to wait for termination of investigation before filing
14 formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris,
15 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not
16 an available remedy).

17       Plaintiff's allegation that he did not file an appeal because Defendant Davis threatened to kill
18 him if he spoke out is sufficient, at the pleading stage, to avoid dismissal for failure to exhaust. The
19 allegation creates a factual issue regarding whether the process was rendered unavailable by
20 Defendant's threat. Since Defendants rely exclusively on the allegation in Plaintiff's complaint as
21 the basis for dismissal, the Court finds that Defendants have not met their burden and are not entitled
22 to dismissal. The Court recommends denial of the motion to dismiss, without prejudice to renewal.
23 Because the Court finds Defendants did not meet their burden, the Court does not reach Plaintiff's
24 opposition.

25 **III.    Dismissal of State Law Claim**

26       Defendants move for dismissal of Plaintiff's state law conversion claim because Plaintiff
27 failed to comply with the California Tort Claims Act, which requires that a tort claim against a
28 public entity or its employees be presented to the California Victim Compensation and Government

Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2008).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, the Court is required to screen complaints to determine whether they state a claim. Claims which are not cognizable are subject to dismissal. The Court screened Plaintiff's complaint by order filed May 7, 2008, and on May 19, 2008, found the complaint appropriate for service following Plaintiff's decision not to amend the claims found to be deficient.

Defendants are correct that Plaintiff did not plead compliance with the Tort Claims Act, which is required in order to state a claim. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). However, at no time did the Court identify any state law claims, as either cognizable or not cognizable. Plaintiff brought this action pursuant to section 1983, and did not plead any state law claims. Because the Court did not find such a claim cognizable, and finds that such a claim was not pled, the Court recommends Defendants' motion to dismiss be denied.

## IV.  Conclusion and Recommendations

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed August 5, 2008, be DENIED as follows:

1. Defendants' motion to dismiss for failure to exhaust be DENIED, without prejudice to renewal; and
2. Defendants' motion to dismiss Plaintiff's state law tort claim be DENIED on the ground that this action is not proceeding on any state law claims.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 8, 2008**                                **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE