# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>SGT. DAVIS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01632-AWI-GSA PC<br><br>FINDING AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(Doc. 54)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

   Plaintiff Michael Lenoir Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of May 19, 2008, this action is proceeding against Defendants Sgt. Davis, Lindquist, Elizalde, Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, and Dill for use of excessive force in violation of the Eighth Amendment, and against Defendants Sgt. Davis, Lindquist, and Elizalde for retaliation in violation of the First Amendment. On January 15, 2009, Plaintiff filed a motion seeking the issuance of a preliminary injunction mandating his transfer back to a 270-design facility.[1]

   The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)

---

[1] A 180-design is more restrictive than a 270-design, and is used to house the more dangerous inmates. Plaintiff contends that he is not a gang member, and is eligible for the 270-design facilities.

1  a combination of probable success and the possibility of irreparable harm, or (2) that serious
2  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
3  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
4  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
5  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
6  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
7  Id.

8  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must
9  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
10 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
11 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
12 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has
13 no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has
14 personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not*
15 attempt to determine the rights of persons not before the court." Zepeda v. United States
16 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

17 The Court's jurisdiction is further limited by the Prison Litigation Reform Act, which
18 provides in relevant part, "Prospective relief in any civil action with respect to prison conditions
19 shall extend no further than necessary to correct the violation of the Federal right of a particular
20 plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court
21 finds that such relief is narrowly drawn, extends no further than necessary to correct the violation
22 of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal
23 right." 18 U.S.C. § 3626(a)(1)(A).

24 In this instance, the events at issue in this action occurred in 2007 while Plaintiff was housed
25 at Pleasant Valley State Prison. (Doc. 1.) Plaintiff is now housed at Kern Valley State Prison, and
26 the order sought is aimed at remedying his current conditions of confinement at that prison. The
27 Court does not jurisdiction in this action to issue the order sought, as the case or controversy
28 ///

1  requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion
2  bears no relation to the past events at Pleasant Valley State Prison giving rise to this suit.

3        The Court recognizes that the events are related in the general sense that Plaintiff is
4  contending that he was transferred to a more restrictive design in retaliation for pursuing this action,
5  and that his safety is being compromised by the presence of Defendant Lindquist at Kern Valley
6  State Prison.  However, from a jurisdictional standpoint, the events are not related and there is no
7  basis upon which the Court may intervene in Plaintiff's housing situation.  Issuing the order sought
8  does not remedy Plaintiff's claims that while at Pleasant Valley State Prison in 2007, Defendants'
9  allegedly used excessive force against him in retaliation for his litigation activities.

10       Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary
11 injunctive relief, filed January 15, 2009, be DENIED for lack of jurisdiction.  If Plaintiff is
12 sufficiently concerned that he would like the Court to request that the Warden of Kern Valley State
13 Prison look into his contentions, Plaintiff may make that indication in response to this Finding and
14 Recommendation.

15       This Finding and Recommendation will be submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**
17 **days** after being served with the Finding and Recommendation, the parties may file written
18 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
19 Finding and Recommendation."  The parties are advised that failure to file objections within the
20 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
21 1153 (9th Cir. 1991).

24    IT IS SO ORDERED.
25    Dated:   **March 5, 2009**        /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE