# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SGT. DAVIS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-01632-AWI-GSA PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Docs. 1 and 19) |

Plaintiff Michael Lenoir Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

Pursuant to 28 U.S.C. § 1915A, courts are required to screen complaints brought by prisoners seeking redress from government officers or employees. Plaintiff filed this action on November 13, 2007, and on May 7, 2008, the Magistrate Judge screened Plaintiff's complaint, and issued an Order finding that the complaint states claims under the Eighth Amendment against Defendants Davis, Lindquist, Elizalde, Nesbitt, Franco, Cas, Gus, and Dill, and under the First Amendment against Defendants Davis, Lindquist, and Elizalde for retaliation, but does not state any other claims. Plaintiff was ordered to either file an amended complaint curing the deficiencies identified or notify the Court of his willingness to proceed only on his cognizable claims.

On May 14, 2008, Plaintiff filed a Notice stating that he was agreeable to proceeding only on his cognizable claims. In response, the Magistrate Judge found service of the complaint appropriate on May 19, 2008, and the United States Marshal was ordered to initiate service of

process on June 11, 2008. The Findings and Recommendations recommending dismissal of Plaintiff's non-cognizable claims was filed on June 13, 2008. Despite his decision not to amend and stated agreement to proceed only on his cognizable claims, Plaintiff filed an Objection on June 23, 2008.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. For the reasons set forth as follows, Plaintiff's objections do not provide any grounds for the non-adoption of the Findings and Recommendations.

The Magistrate Judge recommended dismissal of Plaintiff's Eighth Amendment medical care claim against Defendant Scott on the ground that Plaintiff's allegation that Defendant Scott failed to have a nurse inspect his injuries was not sufficient to support a claim. (Doc. 19, 4:19-5:11.) Although Plaintiff purports to object to that recommendation, his objections do not address the recommendation to dismiss for failure to state an Eighth Amendment medical care claim and the medical care claim shall be dismissed. (Doc. 20, 1:19-3:22.)

Next, in response to the recommendation that his equal protection claim be dismissed, Plaintiff argues that he is not alleging an equal protection claim. (Doc. 19, 5:18-10; Doc. 20, 3:23-4:1.) Given the references in Plaintiff's complaint to race and racism, the Magistrate Judge did not err in addressing the possibility that such a claim was being pled. Given Plaintiff's representation that he is not pursuing such a claim, there is no basis for his objection to its dismissal.

Plaintiff also objects to the recommendation that his claim arising from the failure to document the incident of excessive force or identify any witnesses be dismissed. (Doc. 20, 5:8-10.) Plaintiff's argument that he states a claim because the defendants are obligated to follow their own procedures and regulations is without merit. (<u>Id.</u>, 5:11-22.) Defendants' failure to follow state rules or regulations does not, by itself, support a claim for violation of Plaintiff's federal rights. <u>Ove v. Quinn</u>, 264 F.3d 817, 824 (9th Cir. 2001) (quoting <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)). The existence of rules and regulations governing what incidents must be documented and what the documentation must entail does not create a protected liberty interest,

Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995), and absent the existence of a protected liberty interest, Plaintiff's federal due process claim fails as a matter of law, Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393 (2005).

Finally, Plaintiff objects to the dismissal of Defendants Schwarzenegger, Tilton, Kernan, Yates, and M. C. Davis. (Doc. 20, 8:19-22.) The Magistrate Judge recommended dismissal of those defendants based on Plaintiff's failure to allege facts linking them to the violation of his rights. (Doc. 19, 6:11-7:9.)

Plaintiff argues that Governor Schwarzenegger is the Chief Executive Officer of California, and the California Department of Corrections and Rehabilitation ("CDCR") is a state agency. Plaintiff also argues that these defendants failed to follow guidelines concerning the percentage of minorities hired by CDCR, and that Defendants Yates and Davis are bound by duty statements which obligate them to establish and maintain an accountability system.

These objections have no merit. Plaintiff has not linked these defendants to a violation of his rights under federal law, and he may not impose liability on them under section 1983 based merely on their positions of authority. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Further, the Magistrate Judge correctly informed Plaintiff that he does not have standing to complain about CDCR's hiring policies. Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130 (1992).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed June 13, 2008, are adopted in full;

2. This action shall continue to proceed on Plaintiff's complaint, filed November 13, 2007, against Defendants Sgt. Davis, Lindquist, Elizalde, Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, and Dill for use of excessive force in violation of the Eighth Amendment, and against Defendants Sgt. Davis, Lindquist, and Elizalde for retaliation in violation of the First Amendment;

3. Plaintiff's medical care claim, claim arising from the failure to document the incident, and equal protection claim are dismissed, with prejudice, for failure to state a claim; and

///

4. Defendants Valencia, Scott, Schwarzenegger, Tilton, Kernan, Yates, M. C. Davis, Hernandez, Duty, McBride, Soares, Huckabay, and Green are dismissed for failure to state a claim upon which relief may be granted against them.

IT IS SO ORDERED.

**Dated:**   **April 8, 2009**             **/s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE