# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. DAVIS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-01632-AWI-GSA PC<br><br>ORDER DENYING MOTION FOR LEAVE TO SERVE ONE-HUNDRED ADDITIONAL INTERROGATORIES ON EACH DEFENDANT<br><br>(Doc. 67)<br><br>ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY DEADLINE<br><br>(Doc. 68) |

**I.     Order on Plaintiff's Discovery Motions**

Plaintiff Michael Lenoir Smith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 13, 2007. Pursuant to the Court's scheduling order, the deadline for the completion of all discovery was August 11, 2009. On June 26, 2009, Plaintiff filed a motion seeking leave to serve one-hundred interrogatories on each defendant, and a motion seeking a ninety-day extension of the discovery deadline, . Defendants filed an opposition on July 9, 2009, which was supplemented on July 15, 2009, and Plaintiff filed a reply on July 20, 2009.

    **A.     Motion for Leave to Serve Additional Interrogatories**

Plaintiff is limited to serving twenty-five interrogatories per defendant, including discrete sub-parts. Fed. R. Civ. P. 33(a)(1). While the Court may permit the service of additional interrogatories, Plaintiff bears the burden of demonstrating the need for additional interrogatories.

1

See Waterbury v. Scribner, 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, *8 (E.D. Cal. May 8, 2008) (particularized showing required) (citing Archer Daniels Midland Co. v. Aon Serv. Risk, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. Jun. 7, 1999)); Williams v. County of Sacramento Sheriff's Dept., No. CIV S-03-2518 FDC DAD P, 2007 WL 587237, *2 (E.D. Cal. Feb. 26, 2007) (plaintiff bears burden of establishing need for additional interrogatories and that information sought is not duplicative).

Plaintiff's argument that Defendants refused to answer some interrogatories and only partially answered others, and his citation to Defendants' savviness are not sufficient to meet his burden as the moving party. If Defendants, in Plaintiff's opinion, wrongfully evaded answering some of the interrogatories, his recourse was a motion to compel. Plaintiff's motion is not supported by evidence of his previously served interrogatories or his proposed additional interrogatories, and the Court declines Plaintiff's invitation to respond ex-parte should further information about his previous interrogatories be necessary. Defendants are entitled to notice and an opportunity to be heard on Plaintiff's motion in full.

The Court finds that Plaintiff did not make a particularized showing of need for additional interrogatories, and his motion is denied.

**B.     Motion for Ninety-Day Extension of Discovery Deadline**

Plaintiff seeks a ninety-day extension of the discovery deadline as a result of his transfer to the California Substance Abuse Treatment Facility on May 11, 2009, following which he was without his legal material until June 18, 2009.

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). The prejudice to Defendants, if any, may be considered, but the focus is on Plaintiff's reason for seeking the modification. Johnson, 975 F.2d at 609. If Plaintiff was "'not diligent, the inquiry should end' and the motion to modify should not be granted." Zivkovic, 302 F.3d at 1087 (quoting Johnson at 609).

1  Discovery was open for eight months. Although Plaintiff represents an inability to conduct
2  discovery between the fifth and sixth months, Plaintiff makes no showing that he pursued discovery
3  diligently from the beginning, and that the thirty-day period that he was without his legal materials
4  prevented him from otherwise finishing discovery by August 11, 2009. Because Plaintiff did not
5  make a showing of due diligence, the Court finds that good cause for modification of the scheduling
6  order has not been shown.

**C.**     **Order**

As set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking leave to serve one-hundred interrogatories on each defendant, filed June 26, 2009, is DENIED; and

2. Plaintiff's motion seeking an ninety-day extension of the discovery deadline, filed June 26, 2009, is DENIED.

IT IS SO ORDERED.

**Dated:   September 3, 2009**          /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE