# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>          Plaintiff,<br><br>   v.<br><br>SGT. DAVIS, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:07-cv-01632-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF DEFENDANTS GUS AND CAS FROM THIS ACTION<br><br>(Docs. 23, 33, 42, and 46)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

      Plaintiff Michael Lenoir Smith, a state prisoner proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 on November 13, 2007. On June 11, 2008, the Court issued an order directing the United States Marshal to initiate service of process on nine defendants. (Doc. 16.) Defendants Davis, Lindquist, Elizalde, Nesbitt, I. Franco, J. Franco, and Dill waived service and appeared in the action. However, the Marshal was unable to locate and serve Defendants Gus and Cas. (Docs. 23, 42.)

      Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

      In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro

se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Gus and Cas are nicknames or first names, and the Marshal was unable to identify them. (Docs. 23, 42.) Plaintiff was notified by the Court that he had to identify Gus and Cas by the close of discovery, and if he did not do so, they would be dismissed from the action. (Docs. 33, 46.) Discovery closed on August 11, 2009, and Plaintiff did not provide any further information on the identities of Gus and Cas.

Accordingly, it is HEREBY RECOMMENDED that Defendants Gus and Cas be dismissed from this action based on Plaintiff's failure to provide information sufficient for the United States Marshal to effect service of process. Fed. R. Civ. P. 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

///
///
///
///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 22, 2009**                              **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE