# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LENOIR SMITH,<br><br>              Plaintiff,<br><br>    v.<br><br>SGT. DAVIS, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:07-cv-01632-AWI-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION, WITH PREJUDICE, AND WARNING PLAINTIFF THAT FURTHER BASELESS MOTIONS FOR INJUNCTIVE RELIEF WILL RESULT IN THE IMPOSITION OF SANCTIONS<br><br>(Doc. 83) |

Plaintiff Michael Lenoir Smith is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's order of May 19, 2008, this action is proceeding on Plaintiff's complaint, filed November 13, 2007, against Defendants Sgt. Davis, Lindquist, Elizalde, Nesbitt, Cook Supervisor Franco, C/O Franco, Cas, Gus, and Dill for use of excessive force in violation of the Eighth Amendment, and against Defendants Sgt. Davis, Lindquist, and Elizalde for retaliation in violation of the First Amendment.[1]  This matter is currently set for jury trial on March 23, 2010.

On November 19, 2009, Plaintiff filed a third motion seeking the issuance of a preliminary injunction mandating that he be transferred to an out-of-state prison or into federal custody.[2]

---

[1] There is a pending recommendation that Defendants Gus and Cas be dismissed from this action based on the failure to effect service of process.  Fed. R. Civ. P. 4(m).

[2] Regarding Plaintiff's complaint that the Court has ruled on his past motions without requiring Defendants to respond, Plaintiff's motions have sought relief to which Plaintiff is not entitled in this action.  (Doc. 83, 7:2-8.)  Requiring Defendants to argue why the injunction should not be granted would not change the rulings.

1

1  "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
2  Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff
3  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
4  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
5  in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An
6  injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376
7  (citation omitted) (emphasis added).

8  Federal courts are courts of limited jurisdiction and in considering a request for preliminary
9  injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
10 it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
11 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
12 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126
13 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power
14 to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C.
15 § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief
16 [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal
17 right, and is the least intrusive means necessary to correct the violation of the Federal right."

18 The Court cannot be any clearer than it has been with Plaintiff. (Docs. 55, 60, 79.) The
19 events at issue in this action occurred in 2007 while Plaintiff was housed at Pleasant Valley State
20 Prison in Coalinga, California. (Doc. 1.) Plaintiff is now housed at the California Substance Abuse
21 Treatment Facility and State Prison in Corcoran, and the order sought is aimed at remedying his
22 current cconditions of confinement at that prison. The case or controversy requirement cannot be
23 met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation,
24 jurisdictionally, to the past events at Pleasant Valley State Prison giving rise to this suit. Lyons, 461
25 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S.Ct. 1142, 1148-49
26 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).
27 Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no
28 basis upon which to award Plaintiff injunctive relief. Id. The only relief available to Plaintiff in this

1  action, should he prevail, is money damages for the past violation of his constitutional rights while
2  housed at Pleasant Valley State Prison in 2007.
3       To the extent Plaintiff believes he is in danger, he has other avenues of relief available to
4  him, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83
5  Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008). The issue is not that Plaintiff's allegations are not
6  serious or that Plaintiff is not entitled to relief if sought in the proper forum. The issue is that this
7  action cannot be used by Plaintiff obtain the relief he seeks. The seriousness of Plaintiff's
8  allegations concerning feared impending harm cannot and do not overcome what is a *jurisdictional*
9  bar. Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability
10 constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal
11 jurisdiction bears the burden of establishing its existence.")
12      Accordingly, Plaintiff's motion for preliminary injunctive relief, filed November 19, 2009,
13 is HEREBY DENIED, with prejudice, for lack of jurisdiction.
14      Plaintiff is HEREBY PLACED ON NOTICE that any further motions for injunctive relief
15 that are baseless and filed in contravention of the applicable legal standards Plaintiff has been
16 provided with will result in the imposition of sanctions deemed appropriate by this Court. The Court
17 has more than once clearly explained to Plaintiff the jurisdictional bar to obtaining the relief he seeks
18 regarding his current conditions of confinement. Plaintiff's continued refusal to acknowledge the
19 legal bases for the Court's rulings constitutes an abuse of process, and will not be overlooked.
20 Snyder v. Internal Revenue Service, 596 F.Supp. 240, 252 (N.D. In. 1984) ("[T]he doors of this
21 courthouse are open to good faith litigation, but abuse of the judicial process . . . will not be
22 tolerated.")
23
24 IT IS SO ORDERED.
25 **Dated:   December 7, 2009**          /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE
26
27
28