1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  **MICHAEL LENOIR SMITH,**                Case No. 1:07-cv-01632-OWW-GSA (PC)

12                              Plaintiff,    **ORDER ON MOTIONS IN LIMINE**

13            **v.**

14  **Sgt. DAVIS, et al.,**

15                              Defendants.

16

17            On March 12, 2010, at 10:00 A.M. in Department Three, the Court conducted a hearing on

18  the parties's motions in limine.  Plaintiff appeared by telephone.  Deputy Attorney General

19  Stanton W. Lee appeared by telephone on behalf of Defendants.  Before the Court were two

20  unopposed motions in limine filed by the Defendants and no motions in limine filed by Plaintiff.

21  Plaintiff indicated that he filed late oppositions to Defendants' motions in limine as well as his

22  own motions in limine.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

The Court rules as follows:

**DEFENDANTS' MOTIONS IN LIMINE**

1. **Motion in Limine No. 1: Excluding Evidence Regarding Defendant Lindquist's Transfer from Pleasant Valley State Prison to Kern Valley State Prison.**

Defendants seek to exclude evidence regarding Lindquist's transfer from Pleasant Valley State Prison to Kern Valley State Prison on the grounds the information is irrelevant to the issues remaining for trial, the information would be confusing or mislead the jury, the information violates Lindquist's personal privacy rights, and it would cause undue delay and be a waste of the Court and jury's time. Plaintiff opposed the motion in limine and argued that because Lindquist was transferred after the incident that is the subject of the lawsuit, it could be inferred that the transfer was disciplinary action against Lindquist. Defendants argued that Plaintiff's opposition was speculative and without basis. Furthermore, the Plaintiff had no evidence that Lindquist's transfer was adverse; any such information should have been pursued by Plaintiff during discovery.

The Court finds that there is no evidence that Lindquist's transfer was related to the incident that is the subject of Plaintiff's lawsuit and that if Plaintiff wanted to explore the details regarding Lindquist's transfer, he should have done so during discovery by way of a motion to compel discovery. Accordingly, Defendants' Motion in Limine No. 1 is **GRANTED.**

Plaintiff will be permitted to cross-examine Lindquist on this issue with only the following two questions:

1. Were you transferred from Pleasant Valley State Prison to Kern Valley State Prison?

2. Was your transfer related to the incident subject of Plaintiff's lawsuit?

Plaintiff is permitted no other questions relating to Lindquist's transfer unless Lindquist testifies that his transfer was related to the incident subject of Plaintiff's lawsuit, in which case, Plaintiff may cross-examine Lindquist regarding the nature of his transfer.

/ / /

/ / /

/ / /

2

**2.     Motion In Limine No. 2: Excluding Evidence Regarding Disciplinary Actions Against the Defendants.**

Defendants seek to exclude evidence regarding any disciplinary actions against any of the Defendants on the grounds that the information is irrelevant to the issues remaining for trial, the information would be confusing or mislead the jury, and it would cause undue delay and be a waste of the Court and jury's time. Plaintiff opposed the motion in limine and argued that Defendants should be required to provide an *in camera* review of documents that demonstrate they were not disciplined as a result of the incident. Defendants argued that Plaintiff's opportunity to attempt to discovery information regarding the Defendants' disciplinary history the time allowed by the Court for discovery through motions to compel discovery and that Plaintiff failed to do so.

The Court finds that if Plaintiff wanted to explore the details regarding the Defendants disciplinary history, he should have done so during discovery by way of a motion to compel discovery and, possibly by filing a Pitchess-style motion for the disclosure of peace officer records, which he did not do in this case. Accordingly, Defendants' Motion in Limine No. 2 is **GRANTED.**

Plaintiff will be permitted to cross-examine the Defendants on this issue with only the following question:

1.     Were you disciplined as a result of the incident subject of Plaintiff's lawsuit?

Plaintiff is permitted no other questions relating to Defendants disciplinary history unless the answer to the above question is "yes," in which case, Plaintiff may cross-examine the Defendant regarding the nature of the discipline.

**PLAINTIFF'S MOTIONS IN LIMINE**

**1.     Motion in Limine No. 1:  Including Parts of the California Code of Regulations.**

Plaintiff sought use at trial, the following sections from the California Code of Regulations:

a.     Use of Force sections 3268, 3268.1, and 3268.2

b.     Rule Violation Reporting sections 3312-3315

/ / /

3

c.     Rules of Construction 3000.5

d.     Time Keeping Logs (Plaintiff did not have citations to any sections)

The Court rules that referenced sections of the California Code of Regulations may be utilized by the Plaintiff at trial. Defendants are to ensure that Plaintiff's trial materials are transferred with Plaintiff for trial.

**2.     <u>Motion in Limine No. 2: Use of Documents from Plaintiff's Medical File.</u>**

Plaintiff seeks to introduce four documents from his medical file that were not previously identified as exhibits in his Pretrial Statement or at the Telephonic Trial Confirmation Hearing on February 22, 2010.

The Court rules that Plaintiff must provide Defendants' counsel with copies of the documents that are the subject of this motion in limine and the matter will be discussed in the morning of the first day of trial.

**3.     <u>Motion in Limine No. 3: Use of Prior Convictions.</u>**

Plaintiff seeks to exclude evidence of his prior felony convictions:

a.     Bank Robbery – 1987

b.     Bank Robbery – 1992

c.     Terrorist Threats – 1999

d.     Sale of Cocaine – 2000 (current conviction)

The Court rules that Plaintiff's prior felony convictions from 1999, 1992, and 1987 are excluded. Defendants may cross-examine Plaintiff regarding his prior felony convictions only for purposes of impeachment if Plaintiff "opens the door."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1          **4.      Motion in Limine No. 4: Treating Defendants as Hostile Witnesses.**

2          Plaintiff seeks an order from the Court that will allow him to examine the Defendants as

3   hostile witnesses.  Defendants did not object.  Accordingly, Plaintiff's Motion in Limine No. 4 is

4   **GRANTED.**

5          **5.      Motion in Limine No. 5:** *(This Motion in Limine was Withdrawn by Plaintiff.)*

6          *Withdrawn by Plaintiff.*

7

8   **IT IS SO ORDERED.**

9   **DATED:   March 16, 2010                    /s/ Oliver W. Wanger        **
10                                              **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5